UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE JOHNSON,

            Plaintiff,

       -against-

KATHY HOCHUL, et al.,

            Defendants.

1:25-CV-3958 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Andre Johnson, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), filed this action while he was incarcerated in the Marcy Correctional Facility; he is presently incarcerated in the Green Haven Correctional Facility. Plaintiff has filed two motions for the appointment of counsel. (ECF 4, 8.) For the reasons discussed below, the Court denies those motions.

This action is being reviewed pursuant to the screening requirements laid out in the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and in the Prison Litigation Reform Act ("PLRA"), 28 U:S.C. § 1915A(a)-(b).[1] Thus, under the IFP statute, before this action can proceed further, the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim on which relief may be granted, or (3) because the action seeks monetary relief from a defendant immune from such relief. *See* §1915(e)(2)(B)(i)-(iii); *Johnson v. Law Offices of Jennifer S. Adams*, No. 1:19-CV-6272 (LLS), 2019 WL 3080851, at *2 n.3 (S.D.N.Y. July 15, 2019) ("When a plaintiff proceeds IFP, before issuing a summons for any

---

[1] PLRA screening occurs when a prisoner files a "complaint in a civil action in which . . . [he] seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

defendant, the Court must screen the complaint and dismiss claims that are frivolous, malicious, or fail to state a claim."), *appeal dismissed as frivolous*, No. 19-2235, 2019 WL 7602345 (2d Cir. Oct. 23, 2019). Civil actions screened under the PLRA are subject to the same requirements. § 1915A(a)-(b); *see Braithwaite v. Tropea*, No. 23-CV-1431, 2023 WL 2329856, at *1 n.1 (E.D.N.Y. Mar. 2, 2023) ("If Plaintiff's Complaint survives Section 1915A screening, Defendants will be served with summonses and the Complaint.").

With respect to Plaintiff's motions for the appointment of *pro bono* counsel, the factors to be considered in ruling on an indigent litigant's request for counsel include the merits of his claims, his efforts to obtain a lawyer, and his ability to gather the facts and present his case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, merits consideration is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Furthermore, even if a court does believe that a litigant should have a *pro bono* lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because this action is still undergoing the abovementioned statutory review, it is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action. Accordingly, the Court denies Plaintiff's motions for the appointment of *pro bono* counsel (ECF 4, 8) without prejudice to Plaintiff's filing an application for the court to request *pro bono* counsel as a later stage of litigation.

2

**CONCLUSION**

For the reasons discussed above, the Court denies Plaintiff's motions for the appointment of *pro bono* counsel (ECF 4, 8) without prejudice to Plaintiff's filing an application for the court to request *pro bono* counsel at a later stage of litigation.

The Court directs the Clerk of Court to terminate ECF 4 and 8.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 3, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3