UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE JOHNSON,<br>Plaintiff,<br>-against-<br>KATHY HOCHUL; DONALD TRUMP,<br>Defendants. | 1:25-CV-3958 (LLS)<br>ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiff Andre Johnson, who currently is incarcerated in the Elmira Correctional Facility ("Elmira"), brings this action *pro se* asserting claims of violations of his federal constitutional rights and seeking damages and a "public statement by government as to rights."[1] He names as Defendants: (1) Kathy Hochul, the Governor of the State of New York; and (2) Donald Trump, the President of the United States. The Court understands Plaintiff's complaint as asserting claims for damages and for declaratory relief against Governor Hochul under 42 U.S.C. § 1983 and under state law, and claims for damages against President Trump under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

By order dated March 4, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action but grants Plaintiff 30 days' leave to file an amended complaint, as specified below.

---

[1] Plaintiff filed the complaint commencing this action while incarcerated in the Marcy Correctional Facility.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges that the events that are the bases for his claims occurred in New York State between July 3, 2019, and the date of the filing of this action. He describes his claims in the following manner: Beginning on July 3, 2019, Plaintiff was transferred from the Central New York Psychiatric Center into federal custody in the Oneida County Jail, where he was assaulted by correctional officers there. He was then transferred to the Albany County Jail, and then again to the federal Metropolitan Detention Center in Brooklyn, New York, where he was again assaulted by correctional officers. Plaintiff was then transferred to a federal correctional facility in Philadelphia, Pennsylvania. He was again transferred to a jail in Washington, D.C., where correctional officers there assaulted him.

Plaintiff was then transferred back to the federal correctional facility in Philadelphia, was placed under investigation by the Federal Bureau of Investigation, and placed in that facility's Special Housing Unit ("SHU") for eight months. He was released from federal custody on June 5, 2020, but without the proper amount of medication he required or any discharge planning. Plaintiff was thereafter hospitalized for three days. Once he was stabilized with medication, he reported to New York State parole officials. Those parole officials made no effort to assist with Plaintiff's mental-health treatment, but ordered him to report to them once a month and to reside in a homeless shelter.

Plaintiff was then hospitalized four times in four months. On September 20, 2020, he was arrested on murder charges. While Plaintiff was held in a jail on Rikers Island, he was assaulted. Also, while held on Rikers Island, on May 6, 2021, he was held in an intake unit for five hours

with a spit-protection hood, and while handcuffed, secured, and "covered in OC spray." (ECF 1, at 5.)

On December 18, 2022, while Plaintiff was awaiting a hearing on a petition for a writ of *habeas corpus* that he had filed in the New York Supreme Court, Kings County, he was assaulted, in what appears to be a Rikers Island facility, by other prisoners. He was then accused, in the New York Supreme Court, Bronx County, of committing 12 felonies. Plaintiff was thereafter assaulted by correctional officers in what appears to be a Rikers Island facility.

On December 20, 2022, while Plaintiff was held in the North Infirmary Command on Rikers Island, correction officials failed to produce him for the abovementioned *habeas corpus* hearing in the New York Supreme Court, Kings County. Plaintiff was charged with the abovementioned Bronx County felony counts on December 21, 2022.

On January 10, 2023, the Kings County court denied Plaintiff state-court *habeas corpus* relief. Plaintiff's Bronx County criminal trial began one day later, on January 11, 2023. During jury selection, he was hospitalized in Brooklyn due to food poisoning. Following his Bronx County trial, Plaintiff was found guilty of attempted murder in the second degree. During sentencing, a juror sent a letter to the judge casting doubt on the jury's verdict convicting him. Plaintiff was sentenced to 20 years in prison and was transferred into the custody of the New York State Department of Corrections and Supervision ("DOCCS") on May 1, 2023.

Upon his arrival at Elmira, Plaintiff was placed into its SHU due to a "non-eligible misbehavior report." (*Id.* at 7.) He was thereafter transferred to the Great Meadow Correctional Facility, where he was assaulted by correctional officers there. Plaintiff was then transferred to the Green Haven Correctional Facility ("Green Haven"), where he was assaulted by correctional officers, placed in its SHU on February 12, 2024, and thereafter released; he was placed in the

Green Haven SHU again on August 1, 2024. He was then transferred to the Auburn Correctional Facility ("Auburn"), where he attempted to request to be placed into protective custody due to threats by other prisoners. A correctional sergeant there refused to begin the application process and sent Plaintiff back to his regular cell. Plaintiff made a report to the DOCCS's Office of Special Investigations (OSI) and completed the paperwork to seek protective custody. He was then held in a cell for seven whole days and was released from that cell on November 22, 2024, pending a protective-custody determination. A prisoner then tried to assault him and he was placed in the Auburn SHU due to being accused of "fighting and [of having] a weapon." (*Id.*) During his associated disciplinary hearing, Plaintiff learned that his request for protective custody had been denied on November 25, 2024, and that an associated misbehavior report had been modified.

At the time of the filing of the complaint commencing this action, Plaintiff was awaiting yet another facility transfer. "The 12 count felony complaint (Bronx County) was dismissed without grand-jury action." (*Id.*)

## DISCUSSION

### A. Personal involvement

The Court understands Plaintiff's complaint as asserting claims for damages and declaratory relief against Governor Hochul under 42 U.S.C. § 1983 and claims for damages against President Trump under *Bivens*. To state a claim under Section 1983, a plaintiff must allege facts showing that a state-actor individual defendant was directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). Such a defendant may not be held liable under Section 1983

solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). The same requirement applies when a plaintiff asserts a claim under *Bivens* against a federal official. *See Cicchiello v. Warden, Danbury*, No. 25-661, 2026 WL 2320433, at *3 (2d Cir. Aug. 11, 2026) (summary order); *Hunter v. United States*, No. 7:24-CV-3778 (NSR), 2026 WL 2321525, at *9 (S.D.N.Y. Aug. 11, 2026).

Plaintiff alleges nothing to suggest that either Governor Hochul or President Trump was directly and personally involved in the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's Section 1983 claims against Governor Hochul and *Bivens* claims against President Trump for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, and clear intention to assert claims against correctional staff, the Court grants Plaintiff leave to replead his Section 1983 claims in an amended complaint in which he names as defendants the individuals who were directly and personally involved in violating his federal constitutional rights and alleges facts showing those individuals' direct and personal involvement in the alleged violations of his federal constitutional rights. The Court grants Plaintiff leave to assert only those claims that arose on Rikers Island, in Green Haven, or elsewhere within this judicial district.[3] Should Plaintiff intend to pursue claims that arose in

---

[3] Plaintiff must allege facts showing why this court is a proper venue for his claims. The relevant venue provision, under 28 U.S.C. § 1391(b), provides that, unless otherwise provided by law, a federal civil action may be brought in a federal district court for:

counties outside of the Southern District of New York, he may pursue such claims in the federal district court where venue is proper.

**B. City Bar Justice Center**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases filed in this court. The clinic may be able to assist Plaintiff with preparing his amended complaint. The clinic is operated by a private organization called the City Bar Justice Center (CBJC); it is not part of, or operated by, the court. An informational flyer and a limited-scope legal-assistance retainer agreement are attached to this order.

**C. Leave to amend is granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of

---

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under this venue provision, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2). This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). Thus, of all the abovementioned alleged events, the only ones that have occurred within this judicial district are those that occurred on Rikers Island (which is located in Bronx County), in Green Haven (which is located in Dutchess County), and, perhaps, elsewhere in Bronx County.

Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Section 1983, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action. The effect of that judgment will be that the Court will dismiss Plaintiff's federal-law claims for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and that the Court will decline to consider, under its supplemental jurisdiction, Plaintiff's state-law claims, *see* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court dismisses Plaintiff's federal-law claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court, however, grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above. If Plaintiff fails to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth of that order. The effect of that judgment will be that the Court will dismiss Plaintiff's federal-law claims for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and that the Court will decline to consider, under its supplemental jurisdiction, his state-law claims, *see* § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 11, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.